IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FREDERIC E. MCGREW**, | Case No. 3:13-cv-01909-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security, | |
| Defendant. | |

Bruce W. Brewer, P.O. Box 421, West Linn, OR 97068. Attorney for Plaintiff.

Billy J. Williams, Acting United States Attorney, and Ronald K. Silver, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201-2902; Gerald J. Hill, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

On March 25, 2015, this Court reversed the decision of the Commissioner of the Social Security Administration ("Commissioner") finding Plaintiff Frederic E. McGrew not to be disabled and remanded for an award of benefits. Dkts. 25, 26. Plaintiff now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq*.

PAGE 1 – OPINION AND ORDER

Dkt. 27. The Commissioner contests Plaintiff's motion and argues that the Commissioner's position was substantially justified. Dkt. 29. For the reasons discussed below, the Court finds that the government's position was not substantially justified and grants Plaintiff's motion for fees under the EAJA.

## STANDARDS

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569; *see also Al-Harbi v. INS,* 284 F.3d 1080, 1084 (9th Cir. 2002) ("'Substantial justification' in this context means 'justification to a degree that could satisfy a reasonable person.'") (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). It must demonstrate that its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-

PAGE 2 – OPINION AND ORDER

70; *see also Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (noting that "'substantial justification is equated with reasonableness. . . . The government's position is substantially justified if it has a reasonable basis in law and fact.'" (quoting *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1459 (9th Cir. 1988) (alteration in original))). The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See, e.g.*, *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A court's finding that an agency decision was unsupported by substantial evidence is, however, "a strong indication" that the position of the United States in the litigation was not substantially justified. *Thangaraja*, 428 F.3d at 874. "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Id.* (quoting *Al-Harbi*, 284 F.3d at 1085).

Under the EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under the EAJA to determine the reasonableness of fees as it does under 42 U.S.C. § 1988, as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009)

(fees requested under the EAJA must be reasonable); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). One factor a court must consider in this analysis is the results obtained. *See Atkins*, 154 F.3d at 989 (the results obtained factor of the *Hensley* fee analysis applies to cases under the EAJA). The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136-37 (9th Cir. 2012).

## DISCUSSION

The Commissioner argues that her position was substantially justified because in finding that the Administrative Law Judge ("ALJ") erred, the Court "held that section 12.05C does not require current deficits in adaptive functioning of particular severity," the Court noted that the U.S. Court of Appeals for the Ninth Circuit has not ruled on this issue, and, the Commissioner argues, contrary to this Court, two other circuit courts of appeal have ruled in a manner supporting the Commissioner's position (citing to *Randall v. Astrue*, 570 F.3d 651 (5th Cir. 2009); *Johnson v. Barnhart*, 390 F.3d 1067 (8th Cir. 2004)). The Commissioner thus argues that this is an unclear area of law and its position in defending the ALJ's findings had a reasonable basis in law and fact. This argument by the Commissioner misunderstands the Court's holding.

The Court held that under the diagnostic description introductory paragraph of Listing 12.05, an applicant must *both* have deficits in adaptive functioning that manifested before age 22 and *current* deficits in adaptive functioning. The Court noted that district courts within the Ninth Circuit have found a claimant need only have deficits in adaptive functioning that manifested before age 22, without looking to current deficits. The Court then noted that although the Ninth Circuit had not decided the issue, the Fifth and Eighth Circuits had found that a

PAGE 4 – OPINION AND ORDER

claimant must also have current deficits in adaptive functioning, citing to *Randall* and *Johnson*. The Court then agreed with the Fifth and Eighth Circuits and found that a claimant must have both current deficits and that those deficits manifested before the age of 22. *See* Dkt. 25 at 11 ("Thus, this Court interprets the introductory paragraph of Listing 12.05 to require a claimant to demonstrate current deficits in adaptive functioning in addition to demonstrating that those deficits initially manifested before age 22."). The Court therefore construed the requirements of Listing 12.05 in a manner favorable to the Commissioner's position and found that under that construction, the ALJ erred. The Commissioner's litigation position that the ALJ properly found that Plaintiff did not have current deficits in adaptive functioning was not substantially justified.

The Commissioner appears also to be arguing that the Court's conclusion that the severity of the deficits is evaluated based on the requirements in subparagraphs A-D involves an unclear area of law and thus the Commissioner's litigation position that Plaintiff did not meet the required level of severity was substantially justified. This argument is without merit. The Court noted that "the existence of deficits in adaptive functioning is considered when analyzing the introductory paragraph of Listing 12.05 and the severity of those deficits is considered in subparts A through D." Dkt. 25 at 12. This is not an unclear area of law. Rather, it is set forth in Listing 12.05's introductory paragraph, which states that ""[t]he required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied." *See also Randall*, 570 F.3d at 653, 658 (noting that "every mental disorder listing includes two independent components: a diagnostic description of the disorder and specific criteria measuring the disorder's severity").

The Court finds that the Commissioner's litigation position was not substantially justified. The Court has reviewed Plaintiff's application for attorney's fees under the EAJA and finds it to be reasonable.

## CONCLUSION

Plaintiff's application for attorney's fees (Dkt. 27) is GRANTED. Plaintiff is awarded $7,705.22 for attorney's fees under 28 U.S.C. § 2412. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the Court an assignment of EAJA fees to counsel (Dkt. 27-2), Defendant shall cause the payment of fees, after any applicable offsets, to be made directly to Plaintiff's counsel.

**IT IS SO ORDERED**.

DATED this 9th day of July, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge